NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BESSIE ENGEL, PETITIONER, v. ACME THEATRE CORPO-
RATION, RESPONDENT.

\* \* \* \* \* \* \*

1. That on November 10th, 1928, the petitioner was em-
ployed by the respondent as an usher at a weekly wage of
$10; that on the date last above mentioned and while en-
gaged in the duties of her employment at the theatre of the
said respondent on Broad street, Newark, New Jersey, she
struck her right knee against one of the seats in the said
theatre, sustaining an injury thereto; that she continued
working but received some medical treatment for her injury
from Dr. Max E. Stern, a physician of her own choosing
and received two or three treatments per week from him up
to and including November 30th, 1928; that immediately
upon the respondent's learning of the said accident and on
or about December 1st, 1928, it sent her for treatment to
Dr. Irving M. Vanderhoff, who strapped the injured knee
and advised the said petitioner that she must go to a hos-
pital or must remain inactive and rest in bed at her home in
order that the injury might be cured, but the said petitioner
refused to take either of the courses mentioned; that she
continued her treatments with Dr. Vanderhoff and on or
about February 5th, 1929, he applied a plaster cast to the

injured leg, again advising the said petitioner that she must quit work and go to a hospital; that she again refused to follow this direction but kept the plaster cast on her leg until February 9th, 1929, when she again appeared at the doctor's office, when it was discovered that the cast had been cut across knee and broken in the back whereupon the plaster cast was removed and a knee-cap was substituted therefor; that the said petitioner continued working all of the time from the date of the accident until the date of the hearing above mentioned with the exception of two weeks beginning on February 5th and extending to February 19th, 1929; that the said petitioner has consistently refused to go to a hospital or remain off her injured leg despite the advice of the respondent's physician as well as her own physician and reiterated that refusal upon the hearing; that despite the fact that all of the physicians who testified on both sides of the case testified that that is the only treatment indicated for an injury such as has been sustained by the said petitioner and which would, if followed, greatly reduce the permanent disability entailed by the injuries, if it would not entirely cure it; that the plaintiff's own physician, Dr. Stern, estimates that the said petitioner has lost thirty per cent. of the permanent usefulness of her said right leg and Dr. Edward W. Markens, another physician who testified on her behalf, estimates that the present permanent disability is forty per cent., but that if the treatment above mentioned had been followed by the petitioner, the disability would not exceed twenty-five per cent.; that Dr. Vanderhoff, the physician called by the respondent, estimates the permanent loss at fifteen per cent.; that, in my opinion, the petitioner has sustained a permanent loss of the usefulness of her said right leg equal to twenty-five per cent. thereof, for which she is entitled to receive from the said respondent compensation at the rate of $8 per week; that for the temporary disability entailed by the said injury, the said petitioner is entitled to receive compensation at the rate of $8 per week for one week; that the said respondent shall also pay to Dr. Max E. Stern for the treatments rendered by him to the said

petitioner from November 13th to November 30th, 1928, the sum of $40, also the sum of $25 for his attendance at the hearing hereof, and shall also pay to Dr. Edward W. Markens the sum of $50 for his attendance upon the hearing.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*